**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Northern Improvement Company, et al., | No. CV-12-08011-PCT-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Burlington Northern Santa Fe Railway ("BNSF") has moved to intervene in this longstanding litigation. Doc. 105. The motion is fully briefed (Docs. 106, 107, 113), and no party has requested oral argument. The Court will deny the motion.

**I.  Background.**

Plaintiffs filed this action on January 18, 2012. After a round of initial discovery, Defendant filed a motion to dismiss and Plaintiffs filed a motion for partial summary judgment. Both motions were denied by Judge Rosenblatt on September 30, 2014. On June 1, 2015, Judge Rosenblatt stayed the case on stipulation of the parties to permit settlement talks. Status reports were filed on February 17, June 2, and November 30, 2016, and on February 28, April 26, June 27, and October 25, 2017.

When the case was reassigned to the undersigned judge on January 4, 2018 (Doc. 90), the Court promptly set a status conference that resulted in the following order:

> The Court held a status conference with the parties today. To allow time for Plaintiffs to obtain an appraisal and Defendant to consider any settlement offer based on the appraisal, the Court will set a case management conference for April 18, 2018, at 4:00 p.m. The Court will set a schedule at the conference for resuming discovery and filing dispositive motions. One week before the conference, the parties shall jointly file a proposed schedule for completing fact and expert discovery and filing motions for summary judgment. *The Court will not bifurcate discovery on jurisdictional issues, but will require the parties to proceed on all fronts to complete this longstanding litigation.*

Doc. 94 (emphasis added).

The case did not settle within the time allowed by this order, and the Court entered a Case Management Order which required all fact and expert discovery to be completed by November 30, 2018. Doc. 97. The order required the parties to file letters summarizing anticipated summary judgment arguments by November 9, 2018, with summary judgment motions due on December 21, 2018. *Id.* The Case Management Order included this specific caution:

> The Deadlines Are Real. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

*Id.*, ¶ 8 (underscoring in original).

BNSF did not move to intervene until October 12, 2018, more than six years after the start of this case and only weeks before the close of all discovery. Doc. 105.

**II. Analysis.**

Timeliness is a requirement for intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a), (b) (both requiring a "timely motion"); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (for intervention of right, "the applicant must timely move to intervene"); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (for permissive intervention, the applicant must show that "the motion is timely"). To determine whether a motion is timely, courts consider three factors: "(1) the

stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (quotation marks and citation omitted).

### A. Stage of the Proceedings.

"A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003). BNSF waited more than six years to move to intervene, and clearly knew from the outset of this case that its interests might be adversely affected. BNSF states that "the Court's decision could have far-reaching consequences that will directly impact BNSF's interests in the mineral estates of all of its Arizona properties." Doc. 105 at 6. BNSF further asserts:

> The *central issue* in this case is whether sand, gravel, and decorative rock located within 100 feet of the surface constitute part of the mineral estate or the surface estate of the properties at issue. This Court's decision on that issue will impact not only BNSF's remaining mineral interests in the NIC property, but also BNSF's interest in the mineral estates of its numerous other properties where the surface estate is held by the United States (and potentially where the surface estate is in private hands).

*Id.* (emphasis added). This has been the "central issue" for six years.

Nor can BNSF claim that is just learned that Plaintiffs would not adequately protect its interests. BNSF argues:

> BNSF's interests in the litigation extend far beyond the properties at issue in this case. Although Plaintiffs NIC and the Schritters have an interest in the issue of ownership of sand, gravel, and decorative rock within 100 feet of the surface of their respective properties, they do not share BNSF's interest in the ownership of sand, gravel, and decorative rock on other BNSF properties, nor does NIC share BNSF's interest in the ownership of sand, gravel, and decorative rock beyond 100 feet of the surface of its property.

*Id.* at 8-9. BNSF also asserts that its "financial interest in the issues here dwarfs that of Plaintiffs and BNSF should not have to rely on Plaintiffs to continue to spend money to

defend this litigation through this Court and on appeal, perhaps to the Supreme Court, to vindicate its title." Doc. 113 at 9. All of these facts have been true since the lawsuit was filed in 2012.

What is more, BNSF's knowledge of this dispute did not begin when the lawsuit was filed. BNSF knew of the dispute more than 12 years ago and sought to file an amicus brief on the dispute before the Department of the Interior's Board of Land Appeals. *See* Doc. 107-3 at 34-35.

BNSF argues that its motion is timely because "this litigation is still in its beginning stages." Doc. 105 at 5. To the contrary, this litigation is in its ending stages. After years of litigation and settlement talks, the undersigned judge made clear when the case was transferred that it would be resolved on an expeditious schedule. Docs. 94, 97. Discovery ends this week, summary judgment letters have been exchanged by the parties, and motions for summary judgment will be filed in less than a month.

BNSF argues that it participated in settlement talks and waited until they failed before seeking to intervene, but this only shows that BNSF has been well aware of this litigation for years. What is more, the Court specifically advised the parties in the Case Management Order that, "absent truly unusual circumstances," the Court would not "extend the schedule in this case to accommodate settlement talks." Doc. 97, ¶ 8. BNSF claims that it "has been involved in all aspects of this litigation . . . for six years." Doc. 113 at 1. It surely knew, or should have known, of the Court's Case Management Order.

### B. Prejudice.

Mere lapse of time does not establish prejudice. *United States v. Or*, 745 F.2d 550, 552 (9th Cir. 1984). "To determine whether intervention prejudices the other parties to a case, the court compares the harm from allowing intervention at a later stage of the proceedings with what would have occurred no matter when the applicant was allowed to intervene." *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d

701 (9th Cir. 2011). Defendant argues that it will be prejudiced because intervention by BNSF will significantly expand the issues and discovery in this case. The Court agrees.

This case currently concerns only Plaintiffs' property, but BNSF's proposed complaint alleges that "[a]n actual controversy exists, pursuant to 28 U.S.C. § 2201, between BNSF and the United States because both parties claim exclusive ownership and/or control of sand, gravel, and decorative rock *on the numerous properties in which the United States owns the surface rights and BNSF owns the mineral rights*." Doc. 105-1, ¶ 33 (emphasis added). BNSF seeks a declaratory judgment on this issue. *Id.*, ¶¶ 31-33, 35. BNSF argues in its reply that its "interest in this case is *primarily* focused on . . . the NIC and Schritter deeds," Doc. 113 at 7 (emphasis added), but does not disavow the scope of its declaratory relief claim.[1] And although BNSF claims that its intervention will not necessitate "extensive" discovery, Doc. 113 at 8, its intervention clearly would require significant new lines of investigation.

For example, the United States argues that any claim by BNSF as an intervenor would be barred by the statute of limitations. Doc. 107 at 3-7. BNSF responds that "[t]he parties should be given a chance to conduct discovery and fully brief this issue before it is decided." Doc. 113 at 5; *see also* Doc. 119 at 2 ("BNSF should be permitted to intervene and obtain its own discovery from the United States regarding the statute-of-limitations defense[.]"). BNSF provides the Court with a list of 19 different instances where it quit claimed or leased mineral rights to 19 third parties (Doc. 119-1), states that the list is not exhaustive (Doc. 119 at 4), and then states that it "should be entitled to conduct discovery to determine, among other things, whether the United States has contacted any of these other third-parties that are mining sand and gravel as part of BNSF's mineral estate and informed them that the sand and gravel actually belongs to the United States" (*id.*). BNSF then suggests that a full evidentiary hearing would be required: "BNSF should have the opportunity to present its own evidence at an

---

[1] BNSF even acknowledges that it may seek to amend its complaint to assert a claim under the Quiet Title Act. Doc. 113 at 3.

evidentiary hearing after a limited period of discovery before any ruling on the United States' statute-of-limitations defense." Doc. 119 at 4. Clearly, BNSF's intervention would substantially expand discovery and the issues to be resolved in this case.

And the statute of limitation is not the only issue on which BNSF would require further discovery. BNSF states that "[t]he need for BNSF to intervene and obtain some discovery from the United States is critical because the United States' position with respect to BNSF's ability to mine sand, gravel, and decorative rock has potentially broad implications affecting BNSF's mineral reservations elsewhere." *Id.*

If BNSF seeks to adjudicate its rights in "numerous properties" (Doc. 105-1, ¶ 33), to obtain additional discovery, and to oppose a statute of limitation defense through discovery, full briefing, and an evidentiary hearing, it should have initiated its own litigation or intervened in this action years ago. The Court concludes that intervention more than six years into this litigation would belatedly expand the issues and the necessary discovery to the prejudice of the United States.[2]

### C. Reasons for the Delay.

The third factor – the reasons for the delay – is largely unaddressed by BNSF. BNSF has known about this litigation since it was filed in early 2012. Indeed, BNSF states that it "has been involved in all aspects of this litigation, including good faith settlement discussions, for six years." Doc. 113 at 1. All aspects, that is, except intervention, discovery, motion practice, and litigation before this Court. BNSF provides no reason for waiting six years to intervene, or for waiting until discovery in this case was closing and final summary judgment motions were imminent.

Because the motion to intervene is untimely, the Court will not grant intervention of right or permissively.

---

[2] BNSF states that it has no intention of seeking an extension of the December 21 motion deadline in this case (Doc. 113 at 8), but this assertion plainly is inconsistent with the scope of its complaint and its description of the discovery it needs.

**IT IS ORDERED:**

1. The motion to intervene (Doc. 105) is **denied**. The government's motion to file supplemental materials (Doc. 116) is **denied as moot**.

2. The Court shall hold the pre-motion for summary judgment hearing (which was previously set for November 20, 2018 at 4:30 p.m.) on **December 5, 2018 at 2:00 p.m.** Counsel for Plaintiffs shall initiate a conference call to include counsel for all parties and the Court. If a dial-in number is to be used, counsel for Plaintiffs shall provide the dial-in information to counsel for all parties and the Court no later than December 4, 2018 at 12:00 noon.

Dated this 27th day of November, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge